MATTER OF HERNANDEZ-URIARTE

In Exclusion Proceedings

A-10735954

*Decided by Board March 14, 1969*

Appellant, who obtained an immigrant visa supported by a labor certification issued to him on the basis of false representations as to his full time employment as a machinist by two different companies when, in fact, he had worked only part-time for the companies in question and not for the periods represented, is excludable under section 212(a)(14) of the Immigration and Nationality Act, as amended, for lack of a valid labor certification (29 CFR 60.5), notwithstanding other evidence of record establishes he is a skilled machinist as claimed.

EXCLUDABLE: Act of 1952—Section 212(a)(14) [8 U.S.C. 1182(a)(14)]—No valid labor certification.

Section 212(a)(19) [8 U.S.C. 1182(a)(19)]—Willful misrepresentation of material facts.

Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Admits commission of crime involving moral turpitude, perjury.

ON BEHALF OF APPELLANT: Luis A. Velarde, Jr., Esquire
U.S. Catholic Conference
700 South Santa Fe Street
El Paso, Texas 79901

The case comes forward on appeal from the order of the special inquiry officer dated October 28, 1968 finding the appellant inadmissible solely under section 212(a)(14) of the Immigration and Nationality Act and ordering that he be excluded and deported from the United States.

The appellant, a native and citizen of Mexico, 37 years old, male, married, arrived at the port of El Paso, Texas on April 18, 1968 and applied for admission as a special immigrant. He presented an unexpired immigrant visa which had been issued to him at the Unted States Consulate, Juarez, Chihuahua, Mexico on March 19, 1968 and a valid Mexican passport.

The face of the visa recites that a certification under section 212(a)(14) of the Act was attached. The visa was issued upon

appellant's execution under oath of an application for a visa before an American Consul at Juarez, Chihuahua, Mexico on March 19, 1968. Among the documents attached to the application for the immigrant visa, and forming a part of said application, was an application for an alien employment certification, Form ES-575A, executed by the appellant on October 21, 1967. Endorsed on the front of this Form ES-575A is the certification for the appellant's employment as a machinist issued by an official of the Department of Labor on December 29, 1967 pursuant to section 212(a)(14) of the Act. In his application for this certification the appellant stated that he was seeking work in this country as a machinist, and in Item 16 of the application under "Experience" he showed that he worked for Taller Faxa, Chihuahua, Chihuahua, Mexico from June 12, 1953 until October 21, 1967 as a machinist. Also under the same heading he showed that he worked for the Tuberia de Acero in Chihuahua, Chihuahua, Mexico from November 22, 1946 to June 10, 1953 as a machinist. Submitted with the Form ES-575A were two letters which corroborated the experience with the respective employers for the periods stated on the Form ES-575A. There was also submitted to the American Consul as part of the application for the immigrant visa a Form ES-575B, a job offer by a prospective employer, the employer being the Menasco Manufacturing Company of Burbank, California.

In a sworn statement made before an immigration officer on April 22, 1968 (Ex. 7), the appellant admitted that he had not worked at all for Taller Faxa and that he worked only on a part-time basis, or a piecemeal basis, for the Tuberia de Acero, and that he first began working for them around 1962. Concerning the two letters from the two employers which he presented with his Form ES-575A, the appellant in his sworn statement described them as being letters of recommendation. When he made the sworn statement to an immigration officer on April 22, 1968, the appellant presented two additional letters, from Papelera de Chihuahua and from Elaboradora de Metales, both of Chihuahua, Chihuahua, Mexico, to corroborate that he worked for these two companies as a machinist. He stated further that these two letters had never been presented to the American Consulate nor had they been used to obtain the Labor certification. A sworn statement executed before an immigration officer on January 27, 1961 (Ex. 4) discloses that the appellant had been admitted for permanent residence on September 17, 1956 but that two weeks after his departure in 1958, he was involved in an automobile accident

and that he had not worked until the time of making the statement on January 27, 1961. He was served with a notice that he was being detained for an exclusion hearing scheduled to be heard on January 30, 1961 (ex. 5) but did not appear for such hearing. In his latest sworn statement on April 22, 1968 the appellant repeated that he had not worked between March 1958 and January 1961.

The appellant claims that he is a skilled machinist and that he has successfully demonstrated his ability to his prospective employer, the Menasco Manufactuing Company of Burbank, California which is seeking to employ him as a machinist. The appellant introduced into evidence a letter from a recruiting agent of the Menasco Manufacturing Company stating that he was qualified for work as a machinist for that company (Ex. 8), and corroboration of his claim of having proved his qualifications as a machinist to the satisfaction of the recruiting agent by a demonstration of his work as a machinist in a machine shop in Juarez, Mexico (Ex. 15, 16, 17 and 18). The appellant testified that he was furnished with a blueprint of an object in a machine shop in the test which was held in Juarez pursuant to the foregoing.

At the hearing the appellant testified that he worked as a machinist in Chihuahua, Chihuahua, Mexico with the Elaboradora de Metales from 1956 to 1960 and that he worked with that company full-time and he worked part-time for the Taller Faxa only when needed, either in the morning or in the evening after he had completed his regular daily employment with the Elaboradora de Metales. He testified he next worked for the Papelera de Chihuahua from 1961 until 1968 and that he worked on a part-time basis for the Tubos y Tanques de Acero of the same city on a part-time basis when there was work to do after he had finished his regular job with the Papelera de Chihuahua. However, the only two letters submitted with the Form ES–575A were from Taller Faxa and from Tubos y Tanques de Acero, his part-time employers.

It is evident that the appellant is a machinist and that he has demonstrated his skill as a machinist to the satisfaction of his prospective employer, the Menasco Manufactuing Company of Burbank, California which wishes to employ him as a machinist. The regulations of the Department of Labor, 29 CFR 60.5, provide that certifications are invalid if the representations upon which they are based are incorrect. The representations made by the appellant on the basis of which the Labor certification was issued to him were that he worked for the Taller Faxa from June

201

12, 1953 up to October 21, 1967 and for the Tubos de Acero from November 22, 1946 until November 11, 1953 as a machinist with each employer. The evidence which has been adduced shows that the appellant did not actually work for either of these organizations for the period or periods represented by him. The additional evidence of employment with the Papelera de Chihuahua and with the Elaborador de Metales was not presented in support of the Labor certification on October 21, 1967 but was presented at a later date. He may be able to obtain a Labor certification on the basis of new evidence.

The representations made by the appellant to the Secretary of Labor on the Form ES–575A executed on October 21, 1967 were incorrect and were material in that they did not show the true employment or experience of the appellant. Pursuant to 29 CFR 60.5, the Labor Certification issued on December 29, 1967 to the appellant as a machinist is invalid and the appellant was properly excluded under section 212(a) (14) of the Immigration and Nationality Act for not presenting a valid certification by the Secretary of Labor.

As to the grounds of exclusion based upon section 212(a) (19) that the appellant obtained a visa by willful misrepresentation of material facts and section 212(a) (9) that he admits the commission of crime involving moral turpitude, to wit, perjury, the special inquiry officer has not sustained those charges for the reasons set forth in his decision at length. The Service has not appealed these findings and we find that the reasons for the conclusion set forth by the special inquiry officer were correct.

ORDER: It is ordered that the appellant be excluded and deported from the United States solely under section 212(a) (14) of the Immigration and Nationality Act for not presenting a valid certification by the Secretary of Labor.