MATTER OF GONZALEZ-BECERRA

In Exclusion Proceedings

A-17922952

*Decided by Board September 30, 1969*

Appellant, who presented a labor certification issued by the Department of Labor on the basis of a represented wage of $1.50 per hour whereas, in fact, the actual agreed wage was $3.00 per hour, is excludable under section 212(a)(14) of the Immigration and Nationality Act, as amended, for lack of a valid labor certification since at the higher wage rate domestic workers would have been available and the certification would not have been issued.

EXCLUDABLE: Act of 1952—Section 212(a)(14) [8 U.S.C. 1182]—Immigrant entering to perform skilled or unskilled labor —no valid labor certification.

This case is before us on appeal from the special inquiry officer's decision of May 26, 1969, directing that the appellant be excluded and deported from the United States, on the ground set forth above. The appeal will be dismissed.

The record relates to a male alien, a native and citizen of Mexico, approximately 38 years of age, who is unmarried but who has resided with a woman in Mexico for several years by whom he has sired six children. He arrived at the port of San Luis, Arizona, coming from San Luis, Sonora, Mexico, on September 20, 1968. He applied for admission as a special immigrant, born in an independent country of the Western Hemisphere. He was in possession of an immigrant visa issued to him on September 4, 1968. Attached thereto was a labor certification issued by a lawful representative of the United States Secretary of Labor, certifying him for employment as an animal skinner for a company known as Western Commodities, Yuma, Arizona.

As pointed out by the special inquiry officer, an alien such as the appellant is required by section 212(a)(14) of the Immigration and Nationality Act (8 U.S.C. 1182) to present a valid certification by the Secretary of Labor in connection with his desire to

enter the United States for the purpose of performing labor. Under the related regulation, 29 CFR 60.5, the labor certification is not valid if the representations upon which it is based are not correct. The special inquiry officer has concluded, and we find correctly so, that the facts of this record, as hereinafter summarized, establish that the appellant's labor certification was invalid because of incorrect representations.

The Labor Department's certification application reflected that the appellant was to be paid $1.50 an hour. The testimony of record, however, as succinctly summarized in the special inquiry officer's opinion, shows that the salary agreement between the appellant and the prospective employer was actually at the rate of $3.00 an hour. In this connection, we agree that the special inquiry officer that the amount of the salary which the prospective immigrant is to receive is certainly a most material item with reference to the issuance of a certification by the Department of Labor, under the provisions of section 212(a)(14) of the Immigration and Nationality Act and the related regulation, 29 CFR 60.5. Under the circumstances outlined, we think the fact that the appellant has now indicated that he is willing to work for $1.50 an hour is immaterial. Our reason is that the actual agreement between the parties rendered the labor certification presented by the appellant invalid, and his post facto declaration does not alter this fact.

With respect to the foregoing, the record reflects that the local office of the Labor Department indicates that if the job in question were made available at the higher rate of $3.00 an hour, local workers with experience as animal skinners and butchers would accept it. As a matter of fact, the special inquiry officer has pointed out that two applicants had expressed an interest in it at that rate. Under these circumstances, we are in agreement with the special inquiry officer that the actual arrangement that existed in this case frustrated the requirement of section 212(a)(14) of the Immigration and Nationality Act that the certification issued by the Secretary of Labor be based on the fact that "there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of the application for a visa and admission to the United States and at the place where the alien is destined to perform such skilled or unskilled labor * * * ."

In conclusion, we note that the special inquiry officer recessed the hearing for several months, and thereafter deferred entering his decision in the case again for several months, to give the re-

spondent an opportunity to obtain a certification covering the job in question in the light of the actual arrangement between the parties, and that such a document has not been forthcoming to date. This fact, we think, supports the special inquiry officer's rationale that had the application for the labor certification the appellant presented reflected the true salary that he was to be paid, namely $3.00 per hour, the certification would not have been issued as individuals were available who would take the employment at that rate. Accordingly, and in view of the foregoing, we affirm the special inquiry officer's decision that the appellant is excludable on the ground that the labor certification he presented was invalid.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.