## MATTER OF PATEL

## In Section 246 Proceedings

## A-20289698

*Decided by Board January 25, 1978*

(1) Under the provisions of 20 C.F.R. 656.30(d), effective February 18, 1977, a labor certification issued by the Labor Department is subject to invalidation by the Immigration and Naturalization Service or the Department of State only upon a finding of fraud or willful misrepresentation of a material fact involving the labor certification application.

(2) *Matter of Hernandez-Uriarte*, 13 I. & N. Dec. 199 (BIA 1969) interpreting 29 C.F.R. 60.5(g), the regulation superseded by 20 C.F.R. 656.30(d), is superseded.

(3) Since under the new controlling regulation a finding of fraud or willfulness is required to invalidate a labor certification duly issued by the Labor Department, and the immigration judge specifically refrained from making such a finding in view of our interpretation of the previously controlling regulation, the record is remanded for a new evidentiary hearing to allow the respondent and the Service an opportunity to explore the issue.

ON BEHALF OF RESPONDENT:
Peter D. Williamson, Esquire
1320 Americana Building
Houston, Texas 77002

ON BEHALF OF SERVICE:
Daniel L. Kahn
Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

This is an appeal from a decision of an immigration judge dated April 13, 1977, ordering the rescission of the adjustment of status granted to the respondent. The appeal will be sustained and the record will be remanded for further proceedings.

The record relates to a married female alien, native and citizen of India, whose status was adjusted to that of an alien admitted for permanent residence on May 7, 1975. Her status was adjusted primarily on the basis of a labor certification approved on January 23, 1974. The Service concluded that this labor certification was invalid. These rescission proceedings were instituted.

The immigration judge found that the respondent's labor certification was invalid because it was obtained on the basis of materially incorrect representations to the Labor Department both as to the background of employment, and the potential employment in the United States. Although fraud was alleged by the Service in the Notice of Intention to

444

Rescind, the immigration judge specifically refrained from making a determination on the alleged fraud. The immigration judge found that the material misrepresentations found by him to have been made were sufficient to invalidate the labor certification under 29 C.F.R. 60.5(g).

The immigration judge's finding as to the requirements to invalidate a labor certification under 29 C.F.R. 60.5(g) was correct under our interpretation of that regulation. See *Matter of Hernandez-Uriarte*, 13 I. & N. Dec. 199 (BIA 1969); *Matter of Gonzalez-Becerra*, 13 I. & N. Dec. 387 (BIA 1969).[1] However, this case is not governed by that regulation.

Effective February 18, 1977, 29 C.F.R. 60.5(g) was superseded by 20 C.F.R. 656.30(d). See 42 F.R. 3440 (January 18, 1977). This new controlling regulation reads:

> After issuance labor certifications are subject to invalidation by the INS or by a Consul of the Department of State upon a determination, made in accordance with those agencies' procedures or by a Court, of fraud or willful misrepresentation of a material fact involving the labor certification application. If evidence of such fraud or willful misrepresentation becomes known to a Regional Administrator, Employment and Training Administration or to the Administrator, the Regional Administrator or Administrator, as appropriate, shall notify in writing the INS or State Department, as appropriate.

In view of the fact that a finding of fraud or of willful misrepresentations of a material fact involving the labor certification application is required under the new regulation to invalidate a labor certification, findings not made by the immigration judge because they were unnecessary under our interpretation of the previously controlling regulation, the record will be remanded for further proceedings before the immigration judge. A new evidentiary hearing should be conducted to allow the respondent and the Service to explore the issue.

We note that the Service may deem it appropriate to amend the Notice of Intention to Rescind in light of our decision in *Matter of Danquah*, Interim Decision 2578 (BIA 1977), rendered subsequent to the institution of these proceedings.

ORDER: The appeal is sustained and the record is remanded for further proceedings.

---

[1] However, our interpretation of 29 C.F.R. 60.5(g) was disapproved by the United States Court of Appeals for the District of Columbia Circuit in *Castaneda-Gonzalez* v. *INS*, 564 F.2d 417 (D. C. Cir. 1977).